UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L.C. GOLIDAY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV0729 JCH |
| ) | |
| GKN AEROSPACE-ST. LOUIS ) | |
| AEROSPACE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss and for a More Definite Statement (ECF No. 5; "Motion"). This matter is fully briefed and ready for disposition

**BACKGROUND**

Plaintiff L.C. Goliday, Jr. ("Goliday"), an African-American, is employed by Defendant GKN Aerospace-St. Louis Aerospace ("GKN"). (Complaint ("Compl."), ECF No. 1, ¶1). Goliday worked as a Team Lead for several years before applying for an Operations Manager position in 2005 and 2006. (Id., ¶¶ 9, 11-13). Goliday was not selected for the Operations Manager position in 2005 or 2006. (Id., ¶¶12-13). In September, 2007, Goliday was selected for an Operations Manager position, but he was demoted in November 2008 to a Team Lead position. (Id., ¶¶14-15, 42).

On January 21, 2010, Goliday dually-filed his charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging race discrimination and retaliation. (Defendant's Memorandum in Support of its Motion to Dismiss and for a More Definite Statement ("Memorandum"), ECF No. 6, p. 3).[1]

---

[1] Goliday alleges that he filed his charge of discrimination January 14, 2010. (Compl., ¶4).

Goliday filed an amended charge of discrimination on January 5, 2011. (Memorandum, p. 3)[1] Thereafter, Goliday filed a three (3) count complaint alleging (1) race discrimination pursuant to 42 U.S.C. §1981, (2) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Missouri Human Rights Act, Mo.Rev.Stat. §§213.010, *et seq*. ("MHRA"), and (3) retaliation in violation of Title VII and the MHRA.

## DISCUSSION

**I.  Motion to Dismiss**

   A.   Standard

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

   B.   Analysis

---

[1] Goliday alleges that he filed his amended charge of discrimination January 25, 2011. (Compl., ¶6).

Title VII and the MHRA require plaintiffs to exhaust their administrative remedies prior to filing suit. See 42 U.S.C. §2000e-5(e); Mo.Rev.Stat. §§213.075, 213.111(1); Malone v. Ameren UE, No. 10-2446, 2011 U.S. App. LEXIS 14651, at *7 (8th Cir. Mo. July 18, 2011) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)); Whitehead v. Janitron Maint. Mgmt. Servs., No. 4:07CV00049, 2007 U.S. Dist. LEXIS 31185, at *4-5 (E.D. Mo. Apr. 27, 2007)(citing Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)). The MHRA requires filing with the MCHR within 180 days of the discriminatory act. Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 835 (8th Cir. 2002)(citing Mo. Rev. Stat. § 213.075(1)). Likewise, to bring a claim under Title VII, the charge must be filed within 300 days of the occurrence. Burrow v. Boeing Co., No. 4:09cv2073. 2011 U.S. Dist. LEXIS 45439, at *29-30 (E.D. Mo. Apr. 27, 2011)(citing 42 U.S.C. § 2000e-5(e)(1)).

Here, Goliday alleges that he was demoted in November 2008 because of his race and in retaliation for refusing to give a black team leader an unfair rating. (Compl., ¶¶15, 22, 36, 43). Goliday, however, did not file his charge of discrimination until January 14 or 21, 2010. (Compl., ¶4; Memorandum, p. 3).[3] Thus, Goliday filed his charge of discrimination more than 180 or 300 days after his demotion. Accordingly, Goliday's Title VII and MHRA claims for discrimination and retaliation related to his demotion in November 2008 are barred because he did not exhaust his administrative remedies timely. See Shannon, 72 F.3d at 685-86 (affirming dismissal of failure-to-promote discrimination claim on the grounds that Missouri plaintiff had not filed timely

---

[3]Blakley v. Schlumberger Tech. Corp., No. 10-2906, 2011 U.S. App. LEXIS 16511, at *18 (8th Cir. Aug. 11, 2011) (citing Faibisch v. Univ. of Minn., 304 F.3d 797, 802-03 (8th Cir. 2002)("an EEOC charge is a part of the public record and may be considered on a motion to dismiss").

charge of discrimination with EEOC and, therefore, had failed to exhaust required administrative remedies).[1]

## II. Motion for a More Definite Statement

A. Standard

Pursuant to Fed.R.Civ.P. 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) is also read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that "[a] pleading that sets forth a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand relief sought, which may include relief in the alternative or different types of relief."

B. Analysis

Goliday identifies the month and year in which he was demoted from the Operations Manager position to the Team Lead position (Compl., ¶15), but he fails to provide a time frame for the other alleged adverse employment actions. Specifically, with respect to his discrimination claims, Goliday does not provide GKN with notice regarding when he allegedly was denied training, denied a bonus, disciplined excessively, and received lower pay. (Defendant's Reply in Response to Plaintiff's Amended Response to Defendant's Motion to Dismiss ("Reply"), ECF No. 15, p. 2). With respect

---

[1] GKN preemptively argues that Goliday's claims related to this demotion also can not be saved under a continuing violation theory. (Memorandum, p. 8). Clearly, Goliday's demotion was a discrete act and not part of any continuing violation. The Supreme Court has clarified that "the continuing violation doctrine is not available to toll the limitations or revive a claim involving a separate act of discrimination that occurred beyond the 300-day limitation." Wedow v. City of Kan. City, 442 F.3d 661, 670 (8th Cir. 2006)(citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)). Accordingly, the continuing violation theory is inapplicable and Goliday's charge of discrimination regarding his demotion was untimely.

to Goliday's retaliation claims, he does not identify when or how he was closely monitored, denied a performance bonus and pay increase, or scrutinized and disciplined. (Response, p. 2; Reply, p. 3). Goliday must include information related to when these alleged discriminatory and retaliatory events occurred so that the Court can determine if he timely exhausted his administrative remedies with respect to each claim of discrimination and retaliation. The Court grants GKN's request for Goliday to provide a more definite statement of his claims to provide this information.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and for a More Definite Statement (ECF No. 5) is GRANTED. Goliday's Title VII and MHRA claims for discrimination and retaliation related to his demotion in November 2008 are dismissed with prejudice. Goliday is granted fourteen (14) days from the date of this order to file an amended petition with more definite allegations to support his claims in accordance with this order.

Dated this  26th  day of August, 2011.

/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE