UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L.C. GOLIDAY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV729 JCH |
| ) | |
| GKN AEROSPACE-ST. LOUIS ) | |
| AEROSPACE, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike, filed on June 11, 2012. (ECF No. 41). This matter is fully briefed and ready for disposition.

## DISCUSSION

Defendant argues most of the affidavit of Alexander Richardson, which Plaintiff submitted with his Response to Defendant's Motion for Summary Judgment, is inadmissible and should be stricken. An affidavit used to contest a motion for summary judgment must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED.R.CIV.P. 56(c)(4). The court should disregard those portions of an affidavit that fail to comply with the requirements of Rule 56(c)(4). Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 801 (8th Cir. 2004); FED.R.CIV.P. 56(e).

"Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses that knowledge." El Deeb v. Univ. of Minn., 60 F.3d 423, 428 (8th Cir. 1995). An affiant's belief as to certain facts may not be considered on summary judgment when that belief is not based on personal knowledge. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1367 (8th Cir. 1983). "When an affidavit contains an out-of-court statement offered to prove the

truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." Jenkins v. Winter, 540 F.3d. 742, 749 (8th Cir. 2008) (quoting Brooks v. Tri–Systems, Inc., 425 F.3d. 1109, 1111 (8th Cir. 2005)).

Thus, any affidavit that is filed in support of or in opposition to a summary judgment motion must not be considered by the district court and is subject to a motion to strike if it is made without personal knowledge, consists of hearsay statements, or purports to state legal conclusions as facts. United Mine Workers of Am. v. Am. Commercial Lines Transp. Services, L.L.C., No. 4:08CV1777, 2010 WL 3721544, at *1 (E.D. Mo. Sept. 15, 2010).

Here, most of the challenged portions of Richardson's affidavit do not meet the requirements of Rule 56(c)(4). In Paragraphs 10, 11, and 13, Richardson states Plaintiff was qualified for the position of operations manager, that Plaintiff was the "best most qualified person for the job," and that Plaintiff's demotion from operations manager to team leader was unfair. Richardson offers no factual bases for these opinions and, therefore, fails to show he possesses sufficient personal knowledge to make these statements. In Paragraphs 16 and 19, Richardson discusses a conversation he had with Kevin Cummings, the CEO of Defendant, and a conversation he observed between Plaintiff and Burt Weihl, the former Vice-President and General Manager of Composite Structures. The content of these conversations is inadmissible hearsay. Contrary to Plaintiff's assertion, none of these hearsay statements fall under the present sense impression exception in Rule 803(1) of the Federal Rules of Evidence, as none of these statements were made while Richardson was perceiving the events described in Richardson's affidavit or immediately thereafter.[1] Finally, in Paragraphs 17-18, 20-23, and 25-26, Richardson mentions two individuals that were allegedly terminated for unfair

---

[1] Rule 803(1) notes an exception to the hearsay rule for "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

and discriminatory reasons, notes that Defendant "seldom places blacks in supervisory positions," and generally discusses Defendant's "informal policy of excluding blacks from managerial positions." Again, Richardson offers no factual bases for these statements and, therefore, fails to show he possesses sufficient personal knowledge to make them. Thus, Paragraphs 10, 11, 13, 16, 17, 18, 19, 20, 21, 22, 23, 25, and 26 will be stricken from Richardson's affidavit.

Defendant also challenges Paragraphs 14 and 15, which concern Richardson's preparation of a letter to Cummings regarding Plaintiff's termination and Cummings's failure to respond to this letter, on the grounds that these statements are irrelevant. The Court finds the statements in Paragraphs 14 and 15 are relevant to Plaintiff's allegations. Thus, Paragraphs 14 and 15 will not be stricken from Richardson's affidavit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike (ECF No. 41) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this 10th day of July, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE